UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| AMY MCSWEENEY AND JAMES MCSWEENEY | § § § |
| Plaintiffs, | § § |
| VS. | § § |
| WELLS FARGO | § § |
| Defendant. | § § |

CIVIL ACTION NO. 4:15CV494

**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

Now before the Court is Defendant Wells Fargo, N.A.'s Motion to Dismiss for Lack of Subject-Matter Jurisdiction and/or for Failure to State a Claim Upon Which Relief Can be Granted, and, Subject Thereto, Application to Compel Arbitration, Plea in Abatement, and Motion to Stay Suit Pending Arbitration (Dkt. 5). The Court finds that it should be GRANTED in part as set forth below.

In this case, Plaintiffs James McSweeney and Amy McSweeney allege that they obtained several payday loans with various payday loan companies and gave those payday loan companies authorization to automatically debit their bank account in order to make their loan payments. Plaintiffs allege that they decided to stop the automatic debits and sent Defendant Wells Fargo a series of letters to revoke consent for the automatic debits. Plaintiffs claim that, despite their letters to Defendant, Defendant allowed their accounts to be automatically debited by the payday loan companies in violation of the Electronic Funds Transfer Act ("EFTA"), 15 U.S.C. § 1693.

1

In its motion, Defendant argues that this case should be dismissed pursuant to Rules 12(b)(1) and/or 12(b)(6) of the Federal Rules of Civil Procedure. Defendant further argues that, in the alternative, this suit should be stayed, abated or dismissed and all claims asserted herein ordered to binding arbitration.

In response, Plaintiffs stipulate that the subject matter of their complaint falls within the scope of a binding arbitration clause. Plaintiffs further argue that the Court has subject matter jurisdiction over Plaintiff's claims and that Defendant's motions to dismiss cannot be decided by this Court due to the existence of the valid arbitration clause.

## ANALYSIS

As to its first argument, Defendant argues that Plaintiffs cannot establish this Court's federal question jurisdiction over Plaintiffs' claims because there is no action against Wells Fargo arising under 15 U.S.C. § 1693 in the instant case. Specifically, Defendant argues that 15 U.S.C. § 1693e(a) applies only to a "preauthorized electronic fund transfer" and that the withdrawals at issue here do not meet the definition of a preauthorized electronic fund transfer set forth under EFTA in 15 U.S.C. §1693a(10). Instead, Defendant claims, the withdrawals forming the basis of Plaintiffs' claims are automated clearing house ("ACH") transactions which are not governed by 15 U.S.C. § 1693. Defendant also argues that, even if the withdrawals here fall within EFTA, Plaintiffs have failed to state any claims and the case should be dismissed pursuant to Rule 12(b)(6). Finally, subject to its objections to the Court's jurisdiction, Defendant argues that this Court should compel arbitration and stay this suit because there is a binding arbitration agreement between the parties.

2

Plaintiffs respond that Defendant's subject matter jurisdiction arguments are intermeshed with the merits of the claims such that the arguments should only be considered as part of Defendant's motion to dismiss for failure to state a claim under Rule 12(b)(6). According to Plaintiffs, whether their ACH transactions are governed by EFTA and whether the written authorization to automatically debit the accounts was provided to Wells Fargo both go to the heart of the merits of their case and whether Defendant violated EFTA.

The Court agrees with Plaintiffs that "when a defendant's challenge to the court's jurisdiction is also a challenge to the existence of a federal cause of action, the proper procedure for the district court is to find that jurisdiction exists and to deal with the objection as a direct attack on the merits of Plaintiff's case." *Daigle v. Opelousas Health Care Inc.*, 774 F.2d 1344, 1347 (5th Cir. 1985). This Court's "jurisdictional inquiry is limited to observing whether the complaint is drawn to seek recovery under a federal statute or the Constitution." *Id.* at 1347-48 (internal alterations and quotations omitted).

The Court finds that Plaintiffs' complaint here is drafted to seek recovery under a federal statute (conferring jurisdiction on this Court) and that Defendant's challenge is more properly characterized as a challenge on the merits as to whether Plaintiffs' factual allegations state a claim under EFTA. *See also Montez v. Dep't of the* Navy, 392 F.3d 147, 151 (5th Cir. 2004) (the issue of whether an individual is acting within the scope of his or her employment under the Federal Tort Claims Act must be decided on the merits, not dismissed on jurisdictional grounds); *Sierra Club v. Shell Oil Co.*, 817 F.2d 1169 (5th Cir. 1987); *McBeath v. Inter-American Citizens for Decency Committee*, 374 F.2d 359, 363 (5th Cir. 1967). The Court will not recommend that Plaintiffs' claims

3

be dismissed for want of federal question jurisdiction.

The Court is now left with Defendant's argument that Plaintiffs have not stated a claim under EFTA and Plaintiffs' response that such a determination is one on the merits reserved for arbitration. As set forth below, the Court declines to address whether Plaintiffs have stated a claim, finding that such determination is reserved for the arbitrator.

Defendant argues that, when Plaintiffs opened their Wells Fargo accounts, they were provided with copies of Wells Fargo's Consumer Account Agreement which expressly provides:

> **Binding arbitration**
>
> If you have a dispute with the Bank, and you are not able to resolve the dispute informally, you and the Bank agree that upon demand by either you or the Bank, the dispute will be resolved through the arbitration process as set forth in this part. A "dispute" is any unresolved disagreement between you and the Bank. It includes any disagreement relating in any way to services, accounts or matters; to your use of any of the Bank's banking locations or facilities; or to any means you may use to access your account(s). It includes claims based on broken promises or contracts, torts, or other wrongful actions. It also includes statutory, common law, and equitable claims.
>
> "Disputes" includes disagreements about the meaning, application or enforceability of this arbitration agreement. This arbitration agreement shall survive any termination of your account(s). **YOU AGREE THAT YOU AND THE BANK ARE WAIVING THE RIGHT TO A JURY TRIAL OR TRIAL BEFORE A JUDGE IN A PUBLIC COURT.**

Dkt. 5-1 at 7 (emphasis in original).

Defendant argues that The Consumer Account Agreements are binding and enforceable agreements between Wells Fargo and Plaintiffs and that there is no question that this matter is subject to binding arbitration.

In response, Plaintiffs agree that this arbitration clause covers the allegations contained in Plaintiffs' Complaint with respect to EFTA. Plaintiffs do not oppose the motion to refer this matter to arbitration.

Nonetheless, despite Plaintiffs' concession as to the applicability of the arbitration clause, Defendant argues that this Court can – and should – dispose of its 12(b)(6) argument prior to any referral of the matter to arbitration. Plaintiffs respond that any such challenges to their claims should be made in arbitration.

It appears to the Court that Defendant wishes to have its "arbitral cake" and eat it too. It both argues that the parties agreed to arbitrate the merits of any disputes between them and contends that the parties' dispute should never see the light of arbitration because this Court should dismiss it on the merits. That Defendant qualifies one request as "Subject Thereto" or "Without waiving" does not strengthen its position, which is curious at best; nor does it weaken the enforceability of the arbitration clause.

Under the Federal Arbitration Act, "[a] written provision in any contract evidencing a transaction involving commerce to settle by arbitration a controversy ... shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2.[1] A court's determination of whether a plaintiff should be compelled to arbitrate his claims involves a two-step inquiry. *Will–Drill Res., Inc. v. Samson Res. Co.*, 352 F.3d 211, 214 (5th Cir. 2003). First, the court considers whether the parties agreed to arbitrate the dispute

---

[1] Because Defendant argues that arbitration should be compelled under both state and federal standards, and because no party challenges the enforceability of the arbitration clause, the Court does not separately address the standard under Texas state law.

5

in question. *Id.* This inquiry examines (1) whether there is a valid agreement to arbitrate between the parties and (2) whether the dispute in question falls within the scope of that agreement. *Id.* If the court finds that the parties agreed to arbitrate their dispute, it then considers whether any external legal constraints preclude arbitration of the plaintiff's claims. *Id.* If there is a valid agreement to arbitrate, and there are no legal constraints that foreclose arbitration, the court must order the parties to arbitrate their dispute. *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218, 105 S. Ct. 1238, 84 L. Ed.2d 158 (1985) (The FAA "leaves no place for the exercise of discretion by a district court, but instead mandates that district courts shall direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed.") (*citing* 9 U.S.C. §§ 3–4).

Here, it is undisputed that there is a valid agreement to arbitrate and that Plaintiffs' allegations regarding the automatic debiting of their accounts falls within the scope of the provision which governs any "unresolved disagreement[s]" between Plaintiffs and Defendant. Dkt. 5-1 at 7. There is further no showing that a federal statute or policy renders the claims nonarbitrable.

The Court specifically notes that whether Plaintiffs failed to comply with the requirements set forth in the applicable Consumer Account Agreements for stopping the payments goes directly to the merits of their claims. It is clear that the parties agreed that any disagreements or disputes would be arbitrated. The Court will not now find that Defendant's dispute as to the applicability of EFTA to Plaintiffs' claims is not also part of that agreement. If Plaintiffs are not entitled to recover on their claims because they failed to comply with certain procedural requirements of EFTA – as argued by Defendant in its reply – such is a determination reserved for arbitration. *See City of Meridian, Miss. v. Algernon Blair, Inc.*, 721 F.2d 525, 528 (5th Cir. 1983) ("The courts ... have no

business weighing the merits of the grievance, considering whether there is equity in a particular claim, or determining whether there is particular language in the written instrument which will support the claim.") (citing *United Steelworkers of America v. American Manufacturing Co.*, 363 U.S. 564, 80 S. Ct. 1343, 1346, 4 L .Ed.2d 1403 (1960)); *Conseco Fin. Servicing Corp. v. Shinall*, 51 F. App'x 483 (5th Cir. 2002) (the federal district court ascertains only whether the arbitration clause covers the allegations at issue and does not delve into merits of dispute). *See also Dealer Computer Servs., Inc. v. Old Colony Motors, Inc*., 588 F.3d 884, 887 (5th Cir. 2009) ("absent an agreement to the contrary, the parties intend that the arbitrator, not the courts, should decide certain procedural questions which grow out of the dispute and bear on its final disposition."). The Court's analysis is limited to whether the dispute here falls within the confines of an arbitration agreement and whether such was enforceable. The Court finds both to be present – and essentially undisputed – here.

Defendant also argues that "[s]hould Plaintiffs fail to submit this dispute to arbitration as agreed, then pursuant to the terms of the 3371 Account Agreement and the 0364 Account Agreement Wells Fargo seeks recovery of its costs and expenses incurred herein, including its reasonable attorney fees." Dkt. 5 at 9. Because Plaintiffs have agreed to the enforceability of the arbitration provision, no costs of fee award is warranted here.

Defendant requests that this suit be stayed, abated or dismissed or that this suit be dismissed in its entirety if Plaintiffs fail to commence arbitration within thirty days of the Court's order compelling arbitration. The Court finds that dismissal is appropriate in this case.

A district court may dismiss, with prejudice, rather than stay, an action where all the issues are properly subject to arbitration. *Alford v. Dean Witter Reynolds, Inc.*, 975 F.2d 1161, 1164 (5th Cir. 1992); *see also Adam Techs. Int'l S.A. de C.V. v. Sutherland Global Servs., Inc.*, 729 F.3d 443, 447 n. 1 (5th Cir. 2013) ("Although Section 3 of the Federal Arbitration Act directs district courts to stay pending arbitration, we are bound by our precedent which states that dismissal is appropriate 'when all of the issues raised in the district court must be submitted to arbitration.'") (quoting *Alford*, 975 F.2d at 1164).

Plaintiffs' claims in this case are narrow and fall within the scope of the broad arbitration provision which covers any unresolved disagreements between Wells Fargo and its customers, including any disagreements relating in any way to services, accounts or matters. For this reason, the case should be dismissed rather than stayed. *Alford*, 975 F.2d at 1164; *Washington v. Sears Logistics Servs., Inc.*, 2014 WL 2159253, *4 (N.D. Tex. 2014) (holding that "[w]hen a court determines that all claims are subject to arbitration, dismissal of the action with prejudice is appropriate and within the court's discretion."). If Plaintiffs fail to arbitrate, then they have no other avenue for recovery.

**RECOMMENDATION**

For these reasons, the Court recommends that Defendant Wells Fargo, N.A.'s Motion to Dismiss for Lack of Subject-Matter Jurisdiction and/or for Failure to State a Claim Upon Which Relief Can be Granted, and, Subject Thereto, Application to Compel Arbitration, Plea in Abatement, and Motion to Stay Suit Pending Arbitration (Dkt. 5) be GRANTED as to Defendant's motion to compel arbitration, that all of Plaintiffs' claims should be dismissed in favor of binding arbitration,

and that this matter should be closed on the Court's docket. The remainer of Defendant's motion should be DENIED. Since the parties agreed to submit this matter to arbitration, the Court cannot reach the merits of the claims.

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C.A. § 636(b)(1)(C).

A party is entitled to a *de novo* review by the district court of the findings and conclusions contained in this report only if specific objections are made, and failure to timely file written objections to any proposed findings, conclusions, and recommendations contained in this report shall bar an aggrieved party from appellate review of those factual findings and legal conclusions accepted by the district court, except on grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *Id.; Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this 10th day of February, 2016.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE